United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES MACK,<br><br>Defendant. | Case No.: CR 10-00165-1 SBA (KAW)<br><br>ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING |

## I. BACKGROUND INFORMATION

An amended arrest warrant for Defendant James Mack was issued on April 24, 2012 for violations of his supervised release stemming from a 2008 felony conviction of 18 U.S.C. § 371 (Conspiracy to Commit Bank Fraud). At the April 30, 2012 status hearing before this Court regarding his detention, Defendant, who was in custody and represented by Assistant Federal Public Defender Joyce Leavitt, waived his right to a preliminary hearing regarding the revocation of supervised release. The United States moved for Defendant's detention, as recommended by the Probation Department.

Having considered the proffers by the parties and the probation officer, and the arguments of counsel, the court finds that Defendant has not established by clear and convincing evidence that he is not a risk of flight nor a danger to the community.

## II. LEGAL ANALYSIS

Because the defendant is charged with a supervised release violation, the burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community rests with the defendant. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143.

Defendant is charged with violating two terms of his supervised release: (1) shall not commit another federal, state, or local crime, and (2) shall not possess a firearm. Both violations

DETENTION ORDER
CR 10-00165-1 SBA (KAW)                    1

stem from an incident on or about March 21, 2012, wherein Defendant is accused of assault. A search warrant was executed on or about April 12, 2012, wherein officers searched Defendant's residence and found a firearm.

Defendant has an extensive criminal history dating back to 1996, which includes crimes of violence, such as robbery, battery, witness intimidation, and firearm offenses. Defendant also has a history of drug abuse, including crack cocaine, PCP, methamphetamines, and marijuana.

Defendant's 2008 conviction for conspiracy to commit bank fraud carried a sentence of forty-one (41) months in custody, and three years of supervised release. In 2010, Defendant was charged with absconding from supervision, which led to the modification of his supervision to include six months in a residential re-entry center. In addition, Defendant is a suspect in a pending attempted murder and assault case in Contra Costa County. The weapon believed to have been used in that crime was found in Defendant's residence. The Government has indicated that if charges are not filed in state court, the Government will be filing charges against Defendant for felon in possession of a firearm in federal court. In light of Defendant's criminal record, pending charges, and prior drug use, the Court has reason to believe that Defendant presents a danger to the community.

In addition, the Court finds that Defendant is at some risk of flight as a result of the sentence and pending charges he faces, and because he previously absconded from supervision in 2010, which indicates that he is not amenable to supervision. Further, the weight of the evidence that Defendant violated the terms of his supervision provides further supports for his detention.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the

///

///

///

DETENTION ORDER
CR 10-00165-1 SBA (KAW)                                  2

corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: May 1, 2012

KANDIS A. WESTMORE
United States Magistrate Judge